**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| LEON GODFREY | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION No. |
| | ) | |
| v. | ) | _____ |
| | ) | |
| JACKSON'S BEER & WINE, INC. and | ) | |
| CURTIS JACKSON | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | ) | |

## <u>COMPLAINT</u>

Comes now Plaintiff Leon Godfrey ("Plaintiff" or "Mr. Godfrey") and files this Complaint against Defendant Curtis Jackson, Sr. ("Defendant Jackson" or "Mr. Jackson") and Defendant Jackson's Beer & Wine, Inc. ("Defendant Liquor Store"). In support of this Complaint, Plaintiff shows the Court as follows:

### <u>Statement of Case</u>

1.

Plaintiff is an intellectually disabled thirty-one year old man. Defendants took advantage of Mr. Godfrey's intellectual disability by failing and refusing to pay him minimum wage and overtime wages for over ninety (90) hours of work per week,

and manipulated him into believing unlawful deductions could be made from his wages.

2.

Plaintiff brings this action against Defendants for unpaid wages, unpaid overtime, retaliation, and reasonable attorney's fees and costs, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.  Alternatively, Plaintiff seeks damages for unpaid wages and unpaid overtime under a theory of breach of oral contract and/or unjust enrichment.  In addition to his claims for unpaid wages and unpaid overtime, Plaintiff seeks compensatory and punitive damages for the tort of conversion.

**Jurisdiction and Venue**

3.

Plaintiff's unpaid wages and overtime claims present a federal question under the FLSA.  Thus, jurisdiction is proper before this Court pursuant to 28 U.S.C. §§ 1331 and 1343.  Plaintiff further requests pendent jurisdiction of this Court to hear and decide claims arising under the laws of the State of Georgia for the tort claims herein.

4.

All parties to this action reside or are located within the boundaries of this judicial circuit, and venue is proper pursuant to, *inter alia*, 28 U.S.C. §§ 1391(b)(1) and (2) and Section 216 of the FLSA. Moreover, the tortious conduct alleged herein was committed within the boundaries of the United States District Court for the Northern District of Georgia, Atlanta District.

## **Parties**

5.

Plaintiff is a citizen of the United States and resident of the State of Georgia, residing in Fulton County.

6.

Defendant Liquor Store is a Georgia corporation incorporated under the laws of the State of Georgia with its principal place of business located at 2240 Cascade Road SW, Atlanta, Georgia 30311.  Defendant Liquor Store may be served with process through its registered agent for service of process Curtis Jackson, Sr. at the same address.

7.

Defendant Jackson is a citizen of the United States and resident of the State of Georgia, residing in Fulton County.  Defendant Jackson may be served with process at 2240 Cascade Road SW, Atlanta, Georgia 30311.

8.

Plaintiff was employed by Defendants.

9.

Defendants were employers of Plaintiff as defined by the FLSA.

10.

During Plaintiff's employment with Defendants, Defendants employed three to four employees.

11.

Defendant Liquor Store, upon information and belief of Plaintiff, is covered by the FLSA's Enterprise Coverage.  Defendant Liquor Store is believed to have made more than $500,000 in annual volume sales in at least the three years preceding the filing of this lawsuit.

12.

During his employment with Defendants, Plaintiff's work regularly involved interstate commerce.

## Factual Allegations

13.

Defendant Jackson operates a liquor store in the City of Atlanta known as Jackson's Beer and Wine (Defendant Liquor Store).

14.

Defendant Jackson hired Mr. Godfrey on or about May 2011 to work at Defendant Liquor Store.

15.

Defendant Jackson was Mr. Godfrey's direct and only supervisor.

16.

When Mr. Godfrey was hired, Defendant Jackson informed him he would be paid $7.50 per hour worked.

17.

Mr. Godfrey's job responsibilities included completing sales transactions on the cash register, stocking shelves, janitorial work, and other duties as requested.

18.

Mr. Godfrey worked Monday through Friday from 8:00 a.m. until the liquor store closed at approximately 11:00 p.m., and at 12:00 a.m. on Fridays and Saturdays.

19.

Mr. Godfrey was not provided an uninterrupted period of time during the workday to rest or eat a meal.

20.

Defendants paid Mr. Godfrey approximately seventy dollars ($70.00) per week for wages.

21.

After a few weeks of receiving only seventy dollars, Mr. Godfrey complained that he was not receiving his full pay.

22.

Defendant Jackson responded that he might pay him more in the future if he showed himself to be a good employee.  However, Defendant Jackson refused to pay him the wages he was owed at that time and did not increase his wages in the future.

23.

Mr. Godfrey was paid by Defendant via check and was required to cash the check at Defendant Liquor Store by endorsing the check over to Defendant Jackson and was paid cash from Defendants' cash register.

24.

Defendants made deductions from Mr. Godfrey's wages, without his consent or authorization, for cash register shortages.

25.

At least three people per workday had access to and regularly used the store's single cash register, however, cash register shortages were only deducted from Mr. Godfrey's wages – not any of the other employees.

26.

Deductions from Mr. Godfrey's wages for cash register shortages caused him to not receive any pay for approximately twenty (20) workweeks.

27.

Mr. Godfrey was also required to cut the grass at Defendant Jackson's personal residence and was not paid for hours worked.

28.

Defendants did not keep any recording of Mr. Godfrey's hours worked.

29.

In July 2014, Mr. Godfrey's girlfriend called Defendant Jackson to complain that Mr. Godfrey was not being paid fairly.

30.

On August 8, 2014, Mr. Godfrey was terminated.

## COUNT I

## FLSA Overtime Violations

31.

Plaintiff incorporates by reference all of the preceding paragraphs of the Complaint.

32.

Defendants failed to pay Plaintiff overtime wages at a rate of at least one and one-half times his regular rate of pay for all hours worked in excess of forty (40) hours per workweek.

33.

Plaintiff was not a bona fide executive, administrative or professional employee, or otherwise exempt employee as defined by the FLSA and relevant regulations.

34.

Defendants' actions were intentional, willful, malicious, and in reckless disregard for Plaintiff's rights.

35.

Plaintiff suffered damages, due to Defendants' failure to pay him overtime wages, for which Defendants are liable.

**COUNT II**

**FLSA Minimum Wage Violation**

36.

Plaintiff incorporates by reference all preceding paragraphs of the Complaint.

37.

Defendants failed to pay Plaintiff at least the federal minimum wage for all hours worked.

38.

Moreover, Defendants made illegal deductions, under 29 C.F.R. § 531.36(b), from Mr. Godfrey's wages for cash register shortages which caused him to make less than the federal minimum wage for all hours worked.

39.

Defendants' actions were intentional, willful, malicious, and in reckless disregard for Plaintiff's rights.

40.

Plaintiff suffered damages, due to Defendants' failure to pay him at least the federally-required minimum wage, for which Defendants are liable.

## COUNT III

## FLSA Retaliation

41.

Plaintiff incorporates by reference all of the preceding paragraphs of the Complaint.

42.

Plaintiff engaged in protected activity under the FLSA by 1) complaining that he was paychecks were less than what he was owed and requesting the correct amount; and 2) having his girlfriend call and make a complaint to Defendants on his behalf asserting his right to fair wages.

43.

Defendants discriminated against Plaintiff for engaging in protected activity under the FLSA by terminating his employment.

44.

Plaintiff suffered damage, due to Defendants' retaliatory actions, for which Defendants are liable.

## COUNT IV

## FLSA Recordkeeping Violation

### 45.

Plaintiff incorporates by reference all of the preceding paragraphs of the Complaint.

### 46.

Defendant failed to keep appropriate records as required by the FLSA, with respect to Plaintiff sufficient to determine wages, hours, and other conditions and practices of employment in violation of the FLSA, including Sections 211(c) and 215(a)(5).

## COUNT V

## Conversion

### 47.

Plaintiff incorporates by reference all of the preceding paragraphs of the Complaint.

### 48.

Pursuant to the parties' agreement on wages and federal minimum wage and overtime laws, Defendants were obligated to pay Plaintiff wages for work.

49.

The wages owed to Plaintiff are personal property to which he is entitled to in exchange for working for Defendants.

50.

By their course of dealing, Defendants knew that Plaintiff continued to work in exchange for payment of agreed upon wages.

51.

Defendants' unauthorized exercise of control over Plaintiff's wages and refusal, in response to request, to provide him the wages he earned constitutes a tort of civil conversion.

52.

Defendants' failure and refusal to pay Plaintiff fair and/or federally-required wages was intentional, willful, malicious, and with deliberate intent to harm Plaintiff and take advantage of his intellectual disability, or was done with reckless disregard for Plaintiff's rights.  Due to Defendants gross and purposeful violation of the law and the rights of others, Defendants are liable for punitive damages in addition to the other available damages.

## COUNT VI

## <u>Breach of Oral Contract</u>

### 53.

Plaintiff incorporates all of the preceding paragraphs of the Complaint.

### 54.

A valid oral contract was created when Defendant Jackson, on behalf of himself and Defendant Liquor Store, verbally offered to pay Plaintiff a regular rate of $7.50 per hour to work for Defendants and Plaintiff accepted the offer for all hours and agreed to work for Defendants.

### 55.

Both parties assented to the terms of the oral agreement and sufficient consideration exists in the form of a mutual exchange of promises.

### 56.

Plaintiff performed pursuant to the contract by working for Defendants for over three years.

### 57.

Defendants breached the contract by not paying Plaintiff at least $7.50 per hour for all hours worked.

58.

Plaintiff suffered damages, due to Defendants' breach of oral contract, for which Defendants are liable.

## COUNT VII

## <u>Unjust Enrichment</u>

59.

Plaintiff incorporates all of the preceding paragraphs of the Complaint.

60.

Defendants received the benefit of Plaintiff's work, without fairly compensating Plaintiff.

61.

As a matter of equity Defendants should receive fair compensation for the value of work inured for Defendants' benefit, taking in consideration, including but not limited to, the number of hours per workweek Plaintiff worked, the type of work performed, and Plaintiff's work conditions.

62.

As a matter of fairness and equity, such value should include a premium for the amount of hours Plaintiff worked in excess of forty (40) in a workweek.

## <u>REQUESTED RELIEF</u>

**WHEREFORE,** Plaintiff demands a **TRIAL BY JURY** and respectfully requests that the Court enter judgment in his favor and award him the following relief:

a.      All wages and unpaid overtime owed to Plaintiff for the period October 10, 2011 through October 10, 2014, amounting to $128,540.00;

b.      Liquidated damages in an amount equal to the amount of unpaid wages and unpaid overtime, amounting to an additional $128,540.00;

c.      Compensatory damages in an amount to be determined by the jury or fact-finder for the mental and emotional anguish Plaintiff endured as a result of Defendants' retaliatory actions in violation of the FLSA;

d.      Compensatory and punitive damages in an amount to be determined by the jury or fact-finder for Defendants' intentional tort of conversion;

e.      Reasonable attorney's fees and costs related to litigation of this action;

f.      Pre- and post-judgment interest; and

g.      Any and all other legal and/or equitable relief to which Plaintiff is entitled.


[COUNSEL SIGNATURE ON FOLLOWING PAGE]

Respectfully submitted this 10th day of October, 2014 by:

Counsel for Plaintiff

*s/ Porsche D. Léonce*
Porsche D. Léonce (Georgia Bar No. 117089)
LÉONCE LAW LLC
2727 Paces Ferry Rd SE, Suite 1-225
Atlanta, GA 30339
Telephone (770) 212-2377
Facsimile (770) 85-8050
Email PDL@leoncelaw.com